IN RE MACHMER.

(No. 80AP-875—Decided July 21, 1981.)

*Mr. Gale R. King III,* for Alleta P. Machmer.

*Messrs. Thompson, Swope, Burns & Biswas* and *Mr. Richard F. Swope,* for John Machmer.

WHITESIDE, J. Petitioner-appellant, John Machmer (appellant), appeals from an order of the Court of Common Pleas of Franklin County, Division of Domestic Relations, overruling his motion to reduce child support payments and raises two assignments of error as follows:

"1. The trial court erred in adopting the Referee's finding that there was not a substantial change of circumstances.

"2. The trial court erred and abused its discretion in overruling the petitioner John Machmer's motion to modify the order of child support."

The parties obtained a dissolution of their ten-year marriage on September 12, 1975. The decree incorporated a separation agreement, pursuant to which appellant was to pay $133.33 per month as child support for each of the parties' three minor children. At that time Alleta P. Machmer (appellee), who was trained as a school teacher, was not working; but, as apparently contemplated by the parties, shortly thereafter she started working as a substitute teacher, making $28 a day. However, she did not work more than three days a week during the school year. In 1975, appellant apparently earned approximately $700 a month, although his total income that year was only $6,062.89.

In 1979, the last year for which income tax information is available, appellant had an income of $10,649.98, while

appellee had an income as a school teacher of $10,493.84. The record indicates that appellant would earn between $11,000 and $12,000 in 1980. The record further indicates that appellant has remarried and that his present wife is employed in a new business which she has started and which is not yet making any profit, the proceeds being utilized to improve the business.

The referee found no substantial change of circumstances predicated upon the evidence, even though her findings in general were as set forth above. Appellant contends that the foregoing evidence demonstrates a substantial change of circumstances of the parties, mandating a reexamination of child support. We agree.

In the five years since the dissolution, appellant has had between a twenty-seven and seventy-five percent increase in income, depending upon whether the annual or monthly figures at the time are utilized. On the other hand, appellee has had at least a two hundred fifty percent increase in income.

Appellee relies upon the unreported decision of this court in *Scott* v. *Scott* (June 16, 1977), No. 77AP-240 in support of her contention that no modification is necessary. However, the referee (and the trial court which adopted the referee's report) never reached the question of equitable division of child support between the parties because the referee found no substantial change of circumstances. Following *Scott* would require a reexamination of the child support in this case, for under similar circumstances in that case we stated as follows:

"There can be no question but that there has been a substantial change of circumstances since the time of entering the original decree. There has been a substantial increase in both plaintiff's gross income (61.5 percent) and in his net income (50.5 percent). Although there has been an increase in defendant's gross income (approximately 16 percent), the increase has not been so significant. * * *

"In order to determine child support, first there should be established the monetary amount necessary for the support of the children in a standard of living commensurate with the incomes of their parents. Then, there should be determined the proportionate share of the child support so established that each parent equitably should bear."

In this case, the referee, and thus the trial court, erroneously failed to reach the issue of the equitable division of child support between the parties, instead finding no substantial change of circumstances. Under the circumstances of this case, no reasonable conclusion can be reached but that there was a substantial change of circumstances necessitating a reexamination of child support. As we stated in *Scott, supra,* the trial court should first determine the amount necessary for the support of the parties' three minor children and then determine an equitable division of such support between the parties. Predicated upon such an equitable division, appellant should be required to make child support payments in the amount determined to be equitable. The first assignment of error is well taken, inasmuch as the referee, and the trial court, erroneously found no substantial change of circumstances and failed to address the issue of equitable division of child support.

The second assignment of error, although phrased differently, raises the same issue as the first and, likewise, is well taken for the same reasons.

For the foregoing reasons, both assignments of error are sustained; and the judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, is reversed. This cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and*
*cause remanded.*

REILLY and MOYER, JJ., concur.