In re Nicole S. CARROLL, f/k/a Debbie Ann Carroll, Debtor.

**CENTRAL FINANCE COMPANY, Plaintiff,**

v.

**Nicole S. CARROLL, Defendant.**

Bankruptcy No. 3–81–00252.
Adv. No. 81–0135.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 6, 1982.

Wayne Salita, Minneapolis, Minn., for plaintiff, Central Finance Co.

Irving Shaw, St. Paul, Minn., for defendant, Nicole S. Carroll.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

JACOB DIM, Bankruptcy Judge.

The above entitled proceeding came on for trial on November 10, 1981 ,before the Honorable Jacob Dim, Bankruptcy Judge, on the complaint of Central Finance Company, plaintiff, seeking judgment that the debt owed by the defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

 Based upon the evidence adduced at the trial, the arguments of counsel, and the records and files herein, the Court makes the following:

## FINDINGS OF FACT

1. Central Finance Company is a Minnesota corporation engaged in the business of extending credit.

2. Vicky Phillips is the roommate of the defendant, Nicole Carroll. Ms. Phillips, on April 25, 1980, borrowed approximately $500.00 from the plaintiff in order to purchase a car. Central Finance Company required Ms. Phillips to have a co-signor. Ms. Phillips had her father cosign the note.

3. Ms. Phillips remained current on her monthly payments to the plaintiff until December 15, 1980 at which time the balance was $421.13. The morning of December 15, 1980, Ms. Phillips telephoned Michael Gleeman of Central Finance Company about taking out an additional loan for Christmas purchases. She arranged to borrow an additional $349.92 provided she had a co-signor. Ms. Phillips could not get her father to cosign on that date and asked if the defendant could cosign.

4. Mr. Gleeman telephoned the defendant at her work and obtained information about her employment and credit references. After checking with a credit bureau, Mr. Gleeman telephoned Ms. Phillips and arranged for the defendant and Ms. Phillips to come to the office to sign the papers that afternoon.

5. On the afternoon of December 15, 1980, Ms. Phillips and the defendant went to the offices of the plaintiff. Mr. Gleeman gave them a financial statement to complete and sign and a note of $837.81 plus interest to sign. After both signed the documents, Ms. Phillips was given a check which had been prepared previous to their arrival.

6. The defendant failed to disclose over $15,000.00 in debt on the financial statement. The defendant and Ms. Phillips spent very little time with Mr. Gleeman, since all the arrangements were made over the phone with Ms. Phillips.

7. That plaintiff failed to explain to defendant that she would be liable for the prior outstanding indebtedness of her roommate.

8. In April 1981, Ms. Phillips filed for relief under chapter 7 of the Bankruptcy Code. A discharge of her debt to Central

Finance Company was granted. On February 12, 1981, the defendant filed for relief under chapter 7 of the Bankruptcy Code.

### CONCLUSIONS OF LAW

1. 11 U.S.C. § 523(a)(2) states:

"A discharge under section 727 ... does not discharge an individual debtor from any debt—

for obtaining money, property, services or an extension, renewal, or refinance of credit, by—use of a statement in writing—that is materially false; respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and that the debtor caused to be made or published with intent to deceive."

2. The financial statement given by the defendant was materially false in not disclosing the total liabilities for the defendant. The defendant does not dispute the fact that she intentionally misrepresented to the plaintiff her financial liabilities.

3. The plaintiff reasonably relied upon the statement given by the defendant. The plaintiff did attempt to verify the information. The financial position of the cosignor is of concern when determining whether to grant a loan. A creditor is entitled to rely upon a written financial statement given by an applicant or a cosignor. The loan was not approved until after the plaintiff checked on the defendant's statement and discovered no discrepancies.

4. The plaintiff failed to adequately disclose to the defendant that she was being made liable for the entire amount of the loans to Ms. Phillips. Without such disclosure there can be no intention to be bound as to the previous balance advanced to Ms. Phillips.

5. The amount of money loaned to Ms. Phillips on December 15, 1980, $349.92, together with interest thereon, constitutes a nondischargeable debt under 11 U.S.C. § 523(a)(2). The remainder of the debt is dischargeable.

Now Therefore, IT IS ORDERED and ADJUDGED that the defendant, Nicole S. Carroll, is liable to the plaintiff, Central Finance Company, in the sum of $349.92 with interest and said debt is not discharged under the Bankruptcy Code.