**In re Ernest John VALLS, Debtor.**

**Elizabeth FISHER, Plaintiff,**

**v.**

**Ernest John VALLS, Defendant.**

**Bankruptcy No. 87–BK–50231–LO–7.
Adv. No. 87–AV–50045.**

United States Bankruptcy Court,
W.D. Louisiana.

Oct. 13, 1987.

Leon Minvielle, New Iberia, La., for Ernest Valls.

Gerard Wattigny, New Iberia, La., for Elizabeth Fisher.

H. Kent Aguillard, Eunice, La., Trustee.

## DECISION ON SUMMARY JUDGMENT

W. DONALD BOE, Jr., Bankruptcy Judge.

Plaintiff has sought summary judgment on the ground that obligations arising from paternity suits are nondischargeable under 11 U.S.C. § 523(a)(5). Plaintiff obtained a

state court judgment in the Sixteenth Judicial District, Parish of St. Martin, for past due and future child support; a judgment for $1,573.15, with legal interest thereon, for one-half of the costs of pregnancy, delivery, pre-natal care and post-natal care of the child; as well as an $885.00 judgment, with legal interest thereon, for the cost of blood tests to determine paternity. Defendant in opposition to the motion for summary judgment does not claim that past or future child support is nondischargeable. Defendant does, however, claim Section 523(a)(5) of the Bankruptcy Code should be strictly construed to discharge the medical expenses and blood test expenses. Plaintiff and defendant have agreed to submit this matter for decision based upon their memoranda without personal appearance or argument.

The court finds that there are no contested issues of material fact and that the plaintiff is entitled as a matter of law to a judgment that all of the indebtedness described above is non-dischargeable.

Section 523(a)(5) provides for non-dischargeability of obligations "in the nature of ... support." This is not to be given a narrow reading in paternity or similar situations. *See Balthazor v. Winnebago County*, 36 B.R. 656; (Bankr.E.D.Wis. 1984) (paternity obligation for medical and hospital expenses in the nature of support); *In re Cain*, 29 B.R. 591 (Bankr.N.D.Ind. 1983) (paternity obligations in the nature of support); *In re Porter*, CCH Bankr.L.Rep. p. 64, 575 (S.D.Ind.1971) (blood test expenses nondischargeable); *In re Breaux*, 8 B.R. 218 (Bankr.W.D.La.1981) (medical expenses incurred for child born after divorce decree not dischargeable); *Shine v. Shine*, 802 F.2d 583 (1st Cir.1986) (§ 523(a)(5) language providing for nondischargeability of support debts arising in "in connection with" a state court order related to support not to be given narrow construction).

The policy of giving the debtor a fresh start should not be interpreted to place an unmarried father in a better position with respect to dischargeability than a married father. Furthermore, the narrow reading of Section 523(a)(5) sought by defendant

has serious potential for violating constitutional equal protection rights of children born out of wedlock. *DuPhily v. DuPhily*, 52 B.R. 971 (D.Del.1985). The state court judgments had their direct genesis in the father's failure to provide support and are not dischargeable.

A judgment consistent with this decision will be signed upon presentation.