**In re Robert Ernest SMITH, Debtor.**

**Darlene SHUMAKER, et al., Plaintiffs,**

**v.**

**Robert Ernest SMITH, Defendant.**

**Bankruptcy No. 91–3312.
Related No. 91–32047.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 16, 1992.

F.L. Scheck, Upper Sandusky, Ohio, for plaintiffs.

Bradford W. Bailey, Kenton, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Complaint to Determine Dischargeability of Debt. A Pre-trial was held, at which time the parties agreed to have the issue decided upon the written arguments of counsel. Defendant filed a Motion for Summary Judgment, to which the Plaintiffs filed a Response. The Court has reviewed the written arguments of counsel and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the debt should be non-dischargeable.

## FACTS

On September 24, 1971, Amy Baker, f.k.a. Amy Schumaker [hereinafter "Baker"] was born to Darlene Shumaker [hereinafter "Shumaker"] and Robert Ernest Smith [hereinafter "Smith"]. On the birth certificate, Shumaker was listed as the mother; no father was listed. From the time of birth, neither party has disputed the fact that Smith is Baker's natural father.

From the time of Baker's birth until she reached the age of sixteen (16), Smith's contact with his daughter was sporadic. Aside from occasional clothing and presents, the only financial assistance that was provided by Smith was to pay for Baker's modeling classes. For the modeling classes, Smith paid Three Hundred Dollars ($300.00).

When Baker was sixteen (16) years old, a paternity action was commenced in the

Wyandot County Court of Common Pleas, Juvenile Division. It was established that Smith was Baker's father. On November 18, 1988, the court of common pleas ordered that Smith was to pay retroactive child support in the amount of Fifteen Dollars ($15.00) per week, from Baker's birth until July 30, 1989. This amounted to a total sum of Thirteen Thousand One Hundred Eighty–Five Dollars ($13,185.00) [hereinafter "retroactive support"]. Smith was also ordered to make support payments in the amount of Thirty Dollars ($30.00) per week for the period of July 31, 1989, through September 24, 1989, at which time Baker would turn eighteen (18) years of age. This amount totaled Two Hundred Forty Dollars ($240.00) [hereinafter "current support"] and was to be paid in one lump sum on August 17, 1989. None of the retroactive support has been made, however the current support has been paid in full. Therefore, only the retroactive support is at issue.

Baker and Shumaker contended that the retroactive child support was a non-dischargeable debt due to the fact that this amount constituted a court order pertaining to child support obligations. Shumaker added that, in order to raise Baker, it was necessary to borrow thousands of dollars from her parents. She noted that although the support obligation would not be used to provide current support for Baker, it would nevertheless be used to provide Baker with actual and necessary support.

Smith argued that this should be a dischargeable debt. Smith noted that a paternity action could have been commenced at any time after Baker's birth, but that sixteen (16) years had passed before Shumaker initiated such an action. He also argued that he was under no obligation to provide support payments, prior to November 18, 1988, because neither Baker or Shumaker had commenced a paternity action prior to that time. In light of his unemployment, Smith also contended that the retroactive amount order by the court was excessive.

## LAW

■ The dischargeability of a support obligation is governed by 11 U.S.C. Section 523 which states in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a ... child of the debtor, for ... support of such ... child, in connection with ... [an]other order of the court of record, ...

(B) [as long as] such liability is actually in the nature of alimony, maintenance, or support.

■ The Sixth Circuit Court of Appeals has established a four-tier test to be used in determining whether a particular debt is actually in the nature of child support:

(1) Whether the *intent* of the state court or the parties was to create a support obligation;

(2) Whether the support provision has the actual *effect* of providing necessary support;

(3) Whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(4) If the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Calhoun,* 715 F.2d 1103, 1109–10 (6th Cir.1983) (emphasis added). Once any of the tiers are answered in the negative, the inquiry ends and the obligation is deemed dischargeable.

In analyzing the first tier of this test, the Court must ascertain whether either the state court or the parties intended to create a support obligation. Smith contended that prior to November 18, 1988, there was no obligation for Smith to support Baker, despite the fact that he admitted that he was her father. The Court disagrees with Smith's contention because Shumaker and Baker properly imposed the obligation upon Smith by commencing "an action to determine the existence ... of the father and child relationship," within the provisions of the statute. Ohio Rev.Code Ann. § 3111.05 (Baldwin 1992). A paternity action "may not be brought later than five years after the child reaches the age of

eighteen." *Id.* Plaintiffs commenced the paternity action while Baker was sixteen (16) years of age, clearly within the constraints of the statute. The Court of Common Pleas ordered Smith to pay support for Baker. That court intended to create a support obligation, and therefore, the first tier is satisfied.

The next step in the *Calhoun* test is the determination of whether the support provision has the actual effect of providing necessary support. That term has been construed to mean that which is necessary for the support of the child to maintain a standard of living commensurate with that of the child's parents. *In re Machmer*, 2 Ohio App.3d 84, 440 N.E.2d 829 (1981). The Court finds that Fifteen Dollars ($15.00) per week was appropriate in this situation. Smith had been unemployed and no evidence had been presented as to Shumaker's standard of living.

Nothing in the *Calhoun* test states that the support obligation has to provide current support for the child, just necessary support. Shumaker bore the sole financial burden of raising Baker. She fed, clothed, and provided shelter for Baker. Over the course of sixteen (16) years, such needs far exceeded the amount of the retroactive support obligation. As a result of providing for her child, Shumaker had to borrow large sums of money from her parents. This Court believes that the support obligation ordered by the Court of Common Pleas has the actual effect of providing necessary child support. The award would allow Shumaker to repay the generosity of her parents. To hold otherwise would preclude a parent from collecting retroactive support once Bankruptcy proceedings have commenced. This Court does not believe that such a preclusion is within the spirit of Bankruptcy or was contemplated by the drafters of the Bankruptcy Code. Therefore, the Court finds the second tier has been met.

The third step in the analysis is whether the support is so excessive as to be unreasonable under traditional concepts of support. This Court believes that there is nothing either excessive or unreasonable

about the retroactive support. Under Ohio law, both parents have an obligation to provide support for their children. Ohio Rev.Code Ann. 3103.03 (Baldwin 1992). No support payments were made by Smith over the course of Baker's life. Since these payments were never made, though the law mandates such payments, an arrearage situation existed. In an arrearage situation, the question of reasonableness of the award should be answered in the context of the time that it was originally awarded. *In re Matyac*, 102 B.R. 125, 127 (S.D.Ohio 1989). Since parents have a legal obligation to provide financial support for their children, the Court believes that Baker was originally awarded support payments from Smith at birth.

The Court of Common Pleas determined that Fifteen Dollars ($15.00) per week was the retroactive support obligation. Although the total sum of Thirteen Thousand One Hundred Eighty-five Dollars ($13,-185.00) may appear unreasonable and excessive, it is not in this situation. If Smith had satisfied his financial obligation to provide for Baker since the time that his obligation arose, this would be only a minimal amount. It is the opinion of the Court that, in the context of the time that the support obligation was awarded, Fifteen Dollars ($15.00) was neither excessive nor unreasonable. To hold otherwise would preclude an individual from receiving even minimal retroactive child support. As mentioned previously, this is not contemplated under the Bankruptcy Code. Therefore, the Court finds that the third tier is satisfied.

This Court believes that because the third step in the *Calhoun* test was answered affirmatively, it is not necessary to examine the fourth tier of the *Calhoun* test. As a result of the Calhoun test being satisfied, this Court finds that the support provision is in the nature of child support and is, therefore non-dischargeable.

Accordingly, it is

ORDERED that the debt owed to Shumaker and Baker in the amount of Thirteen Thousand One Hundred Eighty-five Dollars

($13,185.00) be, and is hereby, declared Non-dischargeable.