# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1306

_____

In re:  John Richard Kemp, Jr.,        \*

                        \*

                Debtor,        \*

--------------------        \*

Melinda Williams,        \*

                        \*

                Appellee,        \*

                        \*

     v.        \*

                        \*

John Richard Kemp, Jr.,        \*    Appeal from the United States

                        \*    Bankruptcy Appellate Panel.

                Appellant,        \*

--------------------        \*

Melinda Williams,        \*

                        \*

                Appellee,        \*    [PUBLISHED]

                        \*

     v.        \*

                        \*

John Richard Kemp, Jr.,        \*

                        \*

                Appellant.        \*

_____

Submitted:  November 17, 2000

Filed:  November 22, 2000

_____

Before BYE, HEANEY, and FAGG, Circuit Judges.

_____

_____

PER CURIAM.

Following a paternity lawsuit, a state court found John Richard Kemp, Jr., is the natural father of Melinda Williams's son, Matthew. The court ordered Kemp to pay Williams for half of the birth expenses, necessities, and child support. Kemp filed a Chapter 7 bankruptcy petition, and Williams filed a complaint in the bankruptcy proceeding alleging the debt is nondischargeable under 11 U.S.C. § 523(a)(5), which states "a discharge . . . does not discharge an individual debtor from any debt--to a spouse, former spouse, or child of the debtor, for . . . support of such spouse or child, in connection with a[n] . . . order of a court of record." The bankruptcy court and bankruptcy appellate panel agreed the debt is nondischargeable. See In re Kemp, 234 B.R. 461, 469-70 (Bankr. W.D. Mo. 1999); In re Kemp, 242 B.R. 178, 181-82 (B.A.P. 8th Cir. 1999).

On appeal, Kemp argues § 523(a)(5) does not apply because he owes the debt to Williams and she is not his spouse, former spouse, or child. Section 523(a)(5) may apply even if the payee is not a spouse, former spouse, or child of the debtor, however. See In re Kline, 65 F.3d 749, 751 (8th Cir. 1995). It is the nature of the debt, not the identity of the payee, that determines the debt's dischargeability under § 523(a)(5). See id. Debts in the nature of support are not dischargeable in bankruptcy. See 11 U.S.C. § 523(a)(5);Kline, 65 F.3d at 750. The policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor. See id. at 751. Kemp's debt to Williams is in the nature of support for his child and is thus nondischargeable under § 523(a)(5). See id.; In re Chang, 163 F.3d 1138, 1140-41 (9th Cir. 1998), cert. denied, 526 U.S. 1149 (1999); In re Seibert, 914 F.2d 102, 106 (7th Cir. 1990). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.