In re Leslie Allen WILSON, Debtor.

Beth A. LEAMAN (Stansell), Plaintiff,

v.

Leslie Allen WILSON, Defendant.

Bankruptcy No. 2–89–01367.
Adv. No. 2–89–0206.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 30, 1989.

Bob Lampl, Newark, Ohio, for plaintiff.

Mitchel D. Cohen, Columbus, Ohio, for defendant.

Elizabeth H. Doucet, Columbus, Ohio, Chapter 7 trustee.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. trustee.

## OPINION AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court after trial of a complaint to determine the dischargeability of a debt from defendant Leslie Wilson to plaintiff Beth Leaman Stansell.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(I) which this bankruptcy judge may hear and determine.

By this action, the plaintiff seeks to except from the discharge granted to the defendant in his Chapter 7 bankruptcy case an obligation in the amount of $11,000 arising from the compromise of a paternity action. That compromise was entered by the state court on February 16, 1989 and the debtor's bankruptcy action was filed on March 10, 1989. The plaintiff contends that the debt is nondischargeable as a support payment to a child of the defendant pursuant to 11 U.S.C. § 523(a)(5) or as a debt incurred through fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

■ The Court finds that the plaintiff has failed to establish fraud on the part of the defendant by clear and convincing evidence as required in this circuit. *Coman v. Phillips (In re Phillips)*, 804 F.2d 930 (6th Cir.1986). Rather, the evidence established that the settlement offer came from the plaintiff and that the defendant attempted to comply with that order prior to filing his bankruptcy case. Such facts do not establish fraud by the defendant and the obligation is, therefore, not excepted from discharge on that ground.

■ The issue of nondischargeability under 11 U.S.C. § 523(a)(5) remains, however. Testimony established that the plaintiff and the defendant had a sexual relationship in 1985 and that a daughter was born to the plaintiff out of wedlock on February 7, 1986. In 1987 the plaintiff filed a paternity action against the defendant. Certain medical tests performed in connection with that paternity action excluded another putative father, but suggested that the possibility that someone other than the defendant had fathered the child was less than .7%. That evidence along with admissions in certain correspondence sent to the child by the defendant and evaluation of the parties' credibility are sufficient for this Court to conclude that the plaintiff's child is also a child of the defendant for purposes of 11 U.S.C. § 523(a)(5). The only issue remaining, therefore, is whether the compromise agreement was intended to provide support for that child within the

meaning of § 523(a)(5). For reasons stated below, the Court believes that such intent has been demonstrated.

■■ A deposition submitted in lieu of live testimony by James W. Hostetter, an attorney for the plaintiff in the state court paternity action, indicates that the amount of the compromise judgment was derived from an analysis of what would have been required for support had a declaration of paternity applied from the date of the child's birth to the time of the agreement and from certain medical expenses of the plaintiff relating to the child's birth and subsequent care. This indicates that the final amount was related to child support considerations. Further, it is clear that the child had no independent means of support and had the plaintiff had that support during the child's first years from 1986 to February, 1989, those funds would have helped to provide the necessities of life which the plaintiff alone was forced to provide. Those expenses totalled in excess of $16,000. See *Patterson v. Matyac (In re Matyac)*, 102 B.R. 125 (Bankr.S.D.Ohio 1989).

The Court further finds that the last prong of the test set forth in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983) requires this Court to find that the support awarded was not manifestly unreasonable at the time of the compromise entry. Where the terms of the proposed decree are agreed to by parties who are each represented by counsel, however, the amount of those payments will not be set aside by this Court, absent very strong evidence of unreasonableness. That evidence was not presented in this adversary proceeding.

Based upon the foregoing, the Court finds that the obligation from the defendant to the plaintiff is a debt to a child of the defendant, in the nature of child support, and incurred in connection with an order of a court of record. Accordingly, that obligation is nondischargeable under the provisions of § 523(a)(5) of the Bankruptcy Code. The defendant's bankruptcy case will be held open, however, for at least a 20 day period after the entry of this order

so that for the defendant may request conversion to another chapter or take other appropriate action, should he so desire.

IT IS SO ORDERED.