perpetrated "if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct." Missouri follows the "subjective" test of entrapment which focuses on the "origin of intent" to commit the crime with emphasis on the "predisposition" of the accused. *State v. Willis*, 662 S.W.2d 252, 254 (Mo. banc 1983). Defendant correctly notes in his brief that:

> In *State v. Willis*, 662 S.W.2d 252 (Mo. banc 1983), the Missouri Supreme Court interpreted § 562.066.2 to require proof by the defendant of *"both* inducement to engage in unlawful conduct *and* an absence of a willingness to engage in such conduct." In determining whether entrapment has occurred as a matter of law, Missouri courts focus primarily, as do the United States Supreme Court and Eighth Circuit, on the defendant's "predisposition to commit the offense," and not inducement by law enforcement officials. (citations omitted).

While defendant provided evidence that he was reluctant to engage in the sale of marijuana, he also testified that "[he and his roommate] have a marijuana cigarette occasionally" and admitted that he had previously been convicted of robbing someone of cash and Quaaludes, another controlled substance. During the May 16, 1988, sale he told the officers that if they needed any more they should contact Parker and Parker could contact defendant. Our court has held that prior possession of marijuana by a defendant is evidence of that defendant's predisposition to sell marijuana. *State v. Coffman*, 647 S.W.2d 849, 852 (Mo.App.1983). This evidence is sufficient to show predisposition; therefore, we cannot say that defendant's evidence established entrapment as a matter of law.

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.

**R.E.M. and P.S., et al., Appellants,**

v.

**R.C.M., Respondent.**

No. 57918.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 26, 1991.

Aaron S. Dubin, St. Louis, for appellants.

Robert M. Paskal, Clayton, for respondent.

CRIST, Judge.

Appellant-mother appeals the trial court's refusal to grant either pre-judgment or post-judgment interest on the court's judgment against respondent-father. We affirm.

Mother brought suit against father seeking declaration of father's paternity of her four-and-a-half-year-old child, as well as orders for child custody and child support. Father admitted paternity. The court ordered father to pay mother $10,500 for expenses already incurred in raising the child. The court's order specified the judgment was to be paid without interest in forty-eight monthly installments.

 Mother asserts the trial court erred in failing to award pre-judgment interest under § 408.020, RSMo 1986. Mother is incorrect. A mother's right to recover past expenditures for a child born out of wedlock arises under a quasi-contract theory, *Robinett v. Robinett*, 770 S.W.2d 299, 305 [14] (Mo.App.1989), and thus sounds in quantum meruit. Ordinarily, interest in quantum meruit cases attaches from the day the money becomes due and demand for payment is made. However, this is not so in a proceeding to determine the existence of a parent-child relationship. The trial court has discretion in the matter of awarding pre-judgment interest. *See Vogel v. Lake Timberline Property Owners*, 741 S.W.2d 869, 872[4] (Mo.App.1987).

Missouri adopted the Uniform Parentage Act in 1987. Section 210.841.4, RSMo Supp.1990, provides in part:

The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just.

Since the amount due mother was contingent upon the court's determination under the Uniform Parentage Act, the claim was unliquidated. No interest was due on mother's unliquidated claim because father did not know the amount he owed and could not be in default for not paying. *See Herberholt v. DePaul Community Health Center*, 648 S.W.2d 160, 162[1] (Mo.App. 1983).

Mother also proffers she was entitled to post-judgment interest on the 48 installments under § 408.040, RSMo Supp. 1990. But not so. In addition to father's liability for past expenses, the trial court ordered him to pay $150 per month for support of the child. Section 210.841.5 states the trial court must consider the needs of the child, but must also consider the financial means and earning ability of the parents. By authority of this Act, the trial court could order the 48 installments be paid without interest because that was the proportion of the expenses already incurred that the court deemed just. The trial court properly determined the amount father could reasonably pay per month.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, C.J., concur.

Paul L. FREEMAN, Plaintiff/Appellant,

v.

Tom KINWORTHY and United Fire & Casualty Company, Defendants/Respondents.

No. 57818.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 26, 1991.

Daniel R. Devereaux, St. Louis, for plaintiff/appellant.

Ray Dickhaner, Hillsboro, for defendants/respondents.