**24**

## Subodh K. MEHRA, Petitioner,

v.

## Rachna MEHRA, Respondent.

### No. 61539.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 4, 1993.

Application to Transfer Denied
March 23, 1993.

Ellen F. Watkins, Jeanne M. Fox, Clayton, for petitioner.

Christopher Karlen, St. Louis, Edward K. Fehlig, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Ellen Watkins and the law firm of Schechter & Watkins, P.C. appeal a portion of a judgment entered July 1, 1989, in the Circuit Court of St. Louis County. Specifically, appellants appeal the court's award of attorney's fees, which disallowed interest on that same portion of the judgment. We affirm.

This case began on October 26, 1987, when petitioner filed his petition for dissolution of marriage. The parties, both physicians, had two daughters, who were 12 and 4 years old at the time of the filing.

The trial court appointed the Honorable Franklin Ferriss to act as Special Master. The court accepted and adopted his extensive findings of fact and conclusions of law. The trial court's order included the following provision:

> 14. Petitioner shall pay Respondent's counsel Ellen Watkins and the law firm of Schechter & Watkins, P.C. the sum of $42,558.00 and Respondent's former counsel Hardy Menees and the firm of Ebert, Menees & Kriegel the sum of $4,632.00 as and for their attorneys' fees and expenses incurred in respect of this matter, which payment shall be made in twelve (12) equal monthly installments of $3,546.00 and $386.00 respectively and shall not bear interest.

Both parties appealed the court's judgment on issues of child custody, child support, property division and attorney's fees. Petitioner posted a supersedeas bond and standby letter of credit in the amount of $85,000.00 to guarantee the judgment. The Missouri Supreme Court accepted transfer of the case and, *inter alia,* affirmed the award to petitioner of $47,-190.00 in attorney's fees on Nov. 19, 1991, finding no abuse of discretion. *Mehra v. Mehra,* 819 S.W.2d 351, 356–57 (Mo. banc 1991).

During the pendency of the appeal, petitioner failed to pay the installments as they came due. On December 17, 1991, the firm filed a motion for summary judgment on the appeal bond which sought to enforce payment to the firm from the bond and standby letter of credit pursuant to Rule

81.11. Because husband was in arrears on his monthly payments, the firm sought payment of interest on those installments which were due but unpaid. Memoranda were filed with the circuit court and the court denied the firm's claim for interest on January 6, 1992, ordering husband to pay only the principal due for attorney's fees. The firm appeals from this order.

Appellant's only claim is that it is entitled to interest on the judgment beginning at the time it became final in July, 1989. We find the case of *R.E.M. v. R.C.M.*, 804 S.W.2d 813 (Mo.App., E.D.1991) dispositive of the instant issue. In *R.E.M.*, the trial court entered a dissolution decree ordering, *inter alia*, that the husband pay $10,500.00 in forty-eight monthly installments, without interest. Wife appealed, claiming she was entitled to pre-judgment interest under RSMo § 408.020 (1986), and post-judgment interest under RSMo § 408.040 (Supp. 1990).

In the *R.E.M.* opinion, this court noted that RSMo § 210.841.5 directs the court to consider the financial needs and earning abilities of divorced spouses when awarding property. *R.E.M.*, 804 S.W.2d at 814. Courts therefore have great discretion in this area, and that discretion was not abused by ordering husband to pay a judgment in forty-eight installments at no interest. *Id.*

The case before us raises no child support issues; therefore, § 210.841.5 does not apply. However, strikingly similar wording appears in RSMo § 452.355 (1986), which deals with allocation of attorney's fees in dissolution cases. That section provides:

> 452.355. Allocation of cost of action and attorney fees by court
>
> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceed-

ing or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The original order of the circuit court was over 50 pages long. In it, the court considered the financial position of the parties at great length. After extensive consideration, the court entered its judgment denying interest on attorney's fees payments. Based on the instant record, we are unable to see any error or abuse of discretion in the court's judgment.

The decision of the circuit court is affirmed.

SMITH and AHRENS, JJ., concur.