# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 99-6045WM
No. 99-6047WM

---

| | | |
|---|---|---|
| In re:  John Richard Kemp, Jr. | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Melinda Williams | * | APPEAL FROM THE UNITED |
| | * | STATES BANKRUPTCY |
| Appellee/Cross-Appellant, | * | COURT FOR THE |
| | * | WESTERN DISTRICT OF MISSOURI |
| v. | * | |
| | * | |
| John Richard Kemp, Jr. | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

---

Submitted: November 10, 1999
Filed: December 16, 1999

---

Before WILLIAM A. HILL, DREHER, and SCOTT, Bankruptcy Judges

---

SCOTT, Bankruptcy Judge

I

Melinda Williams incurred nearly $10,000 in medical expenses associated with the birth of her son.  After the child was born, she obtained a paternity judgment against the debtor, John Kemp.  As part of the judgment Williams was awarded $4,821 to cover the debtor's share of hospital and medical costs associated with the child's birth. Ultimately, Williams was required to turn to her parents for assistance in paying the hospital bills.  The debtor has paid no part of the expenses for his child's birth.

Upon the filing of his chapter 7 bankruptcy case, the debtor asserted that the debt owed to Williams was dischargeable because the person to whom it is owed was not "a spouse, former spouse or child of the debtor." The bankruptcy court determined that the debt was not dischargeable, but that Williams was not entitled to post judgment interest on the claim or attorney's fees for the prosecution of the dischargeability action.  The debtor appeals the nondischargeability determination and Williams appeals the failure to award post judgment interest and attorney's fees, and also requests sanctions for a frivolous appeal. We affirm as to the dischargeability determination, and denial of attorney's fees, but reverse as to the award of interest on the state court judgment.   The request for sanctions for a frivolous appeal is denied.

II.

Nondischargeability of Debt

Under the Bankruptcy Code, debts in the nature of support are not dischargeable in bankruptcy.[1] 11 U.S.C. § 523(a)(5).  See Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983).  The Bankruptcy Code provides in pertinent part:

> (a) A discharge under section 727...of this title does not discharge an individual debtor from any debt –
>
> > (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or

---

[1]The parties do not dispute that the debt is the nature of support.

2

other order of a court or record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement****

11 U.S.C. § 523(a)(5).

While exceptions to discharge are generally to be construed narrowly in order to give effect to the goal of the fresh start, the exceptions from discharge for spousal and child support are given a more liberal construction, and the policy considerations underlying section 523(a)(5) favor enforcement of support obligations over debtor's fresh start. Holiday v. Kline (In re Kline), 65 F.3d 749, 750-51 (8th Cir. 1995). It is well settled that birthing expenses are in the nature of support, see e.g., Madsen v. Kimbrell (In re Kimbrell), 201 B.R. 521 (Bankr. E.D. Ark. 1996); Coleman v. McCord (In re McCord, 151 B.R. 915 (Bankr. E.D. Mo. 1993), and have been determined to be an obligation owed to the child, see Matter of Seibert, 914 F.2d 102, 106 (7th Cir. 1990). Indeed, in the support context, the nature of the debt is more important than the identity of the payee. See Kline, 65 F.3d at 751 (attorney's fees are in the nature of support and nondischargeable even if payable directly to the attorney rather than to the child or former spouse); Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1141-42 (9th Cir. 1998)(guardian ad litem expenses nondischargeable even though not payable to the child); Hudson v. Raggio & Raggio, Inc. (In re Hudson), 107 F.3d 355, 357 (5th Cir. 1997); Miller v. Gentry (In re Miller), 55 F.3d 1487, 1490 (10th Cir. 1995); Pauley v. Spong (In re Spong), 661 F.2d 6, 11 (2d Cir. 1981).

The state court judgment was awarded to Melinda Williams, the mother of debtor's child. Since she is not, however, a "spouse, former spouse, or child of the debtor," the debtor asserts that the debt is dischargeable.[2] The Eighth Circuit Court of Appeals addressed a

---

[2]There is a small body of case authority which addresses the issue of whether such expenses are a debt to the child or a debt to the mother. Compare In re Brown, 43 B.R. 613 (Bankr. M.D. Tenn. 1984)(birthing expenses are support for the mother) with In re Wilson, 109 B.R. 283 (Bankr. S.D. Ohio 1989)(medical expenses for birthing are child support). See generally Matter of Seibert, 914 F.2d 102, 105-106 (7th Cir. 1990)(discussing cases and determining that debt is owed to the child such that it is nondischargeable). Since Holliday v.

3

virtually identical issue in <u>Holliday v. Kline</u> (<u>In re Kline</u>), 65 F.3d 749 (8th Cir. 1995). In <u>Kline</u>, the state court entered an order obligating the debtor to pay his former spouse's attorney's fees. The order made the obligation directly owing to the attorney rather than to the former spouse. The Eighth Circuit determined that since the fee award was in the nature of maintenance or support, it was nondischargeable under section 523(a)(5) even though it was payable directly to the attorney. Although the debtor attempts to distinguish <u>Kline</u> on the basis that a former spouse was in the picture, <u>i.e.</u>, the debt was in reality in the nature of support for the former spouse, <u>Kline</u> is not so limited and is thus controlling. The issue directly before the court in <u>Kline</u>, as well as this court, is whether section 523(a)(5) may apply if the person to whom the court order imposing the obligation is not "a spouse, former spouse, or child of the debtor." Since <u>Kline</u> specifically holds that the debt, although not payable directly to a spouse, former spouse, or child of the debtor, was in the nature of support and thus nondischargeable, the debt owed by the debtor to Williams in this case is similarly nondischargeable.

### III.

### Award of Interest and Attorney's Fees

Although the state court judgment awarded judgment in favor of Williams, it stated nothing with regard to interest. Williams therefore also requested that the bankruptcy court enter judgment for statutory interest and attorney's fees. The bankruptcy court determined that attorney's fees were not merited and that the failure of the state court to award interest required the bankruptcy court to also deny interest.

Missouri law provides that interest accrues on judgments at a rate of nine percent:

> Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest

<u>Kline</u> (<u>In re Kline</u>), 65 F.3d 749 (8th Cir. 1995) controls the outcome in this case, we need not specifically decide this narrower issue. In any event, as a matter of policy as well as statutory construction, the better view would appear to be that formulated by <u>Seibert</u> -- the debt is one to the child.

> borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

Mo. Rev. Stat. § 408.040.1. In this case, the judgment is silent as to interest, neither specifically awarding nor disallowing interest.

The case upon which the bankruptcy court relied, R.E.M. v. R.C.M, 804 S.W.2d 813 (Mo. App. 1991), is inapplicable for several reasons. First, the trial court in R.E.M. specifically considered the issue and disallowed interest. In this case, the judgment is markedly silent. Second, R.E.M. primarily addresses the issue of prejudgment interest, not post judgment interest. Whether an award of prejudgment interest is appropriate is generally determined as a discretionary factual issue. That is, for a party to recover prejudgment interest, the elements of the statutory action must be ascertainable and the defendant should lack a worthy defense. If these circumstances exist, a party may be entitled to prejudgment interest on recovery because the party has been unjustly deprived of the use of the funds. See generally Wickham Contracting Co. v. Local Union No. 3, 955 F.2d 831, 833-36 (2d Cir. 1992), cert. denied, 506 U.S. 946 (1992)(discussion of history and application of awards of prejudgment interest). Prejudgment interest may be awarded to compensate a party for the denial of the use of funds, West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987), or where the defendant could have ascertained the amount of the potential recovery without a judicial determination, i.e, if the claim was liquidated, Bank of Mulberry v. Fireman's Fund Ins. Co., 720 F.2d 501, 503 (8th Cir. 1983); United States v. Dimarco Corp., 985 F.2d 954, 959 (8th Cir. 1993). Post judgment interest, on the other hand, is generally, as is the case under Missouri law, a statutory right. Finally, to the extent R.E.M. addresses an award of interest, it is clear that the trial court balanced a statutory obligation to consider the financial circumstances of the party and appears to have incorporated considerations of interest into the final award or judgment which ordered installments in the proportion of the expenses already incurred.

5

Although there is no Missouri case authority on this issue, as a general rule, courts which have construed statutes providing for mandatory post judgment interest[3] conclude that money judgments recovered in civil cases automatically bear interest from the date of entry of the judgment, regardless of whether the judgment itself awards interest. See, e.g., Wilson v. United States, 756 F. Supp. 213, 214 (D. N.J. 1991)(construing 28 U.S.C. § 1961); White v. Bloomberg, 360 F. Supp. 58, 63 (D. Md. 1973), aff'd, 501 F.2d 1379 (4th Cir. 1974)(same). We see no reason why the Missouri statute should be afforded different treatment. The judgment being silent on the issue of interest, Williams is entitled to the effect of the statute which mandates interest on the monetary award. Post judgment interest begins to accrue from the date of the original state court judgment until paid in full. Architectural Resources, Inc. v. Rakey, 956 S.W.2d 420, 422 (Mo. Ct. App. 1997); accord In re Pester Refining Co., 964 F.2d 842, 849 & n.9 (8th Cir. 1992).

Attorney's fees are a separate issue, however, and in this factual situation, there is no statutory or contractual entitlement to attorney's fees. Indeed, as noted by the bankruptcy court, an award of attorney's fees in a dischargeability action is the exception rather than the rule. See, e.g., Wisely v. Beattie (In re Beattie), 150 B.R. 699, 703 (Bankr. N.D. Ill. 1993). We have reviewed the record and Williams' argument and can find no error or abuse of discretion in the determination of the bankruptcy court with regard to the denial of an award of attorney's fee.

IV.

Sanctions

Rule 8020 permits an award of sanctions against a party who files a frivolous appeal. The court has reviewed the record and while some of the debtor's arguments may be repugnant (i.e., that Congress did not intend to protect unwed mothers from discharge of such debts), there is sufficient opinion in this circuit to provide a basis for arguing reversal of existing law with regard to the core issue in the appeal. See, e.g., Holliday v. Kline (In re Kline), 65 F.3d 749, 751-52 (8th Cir. 1995)(Morris Arnold, dissenting). Accordingly, the request for sanctions is denied.

---

[3]Courts interpreting a particular statute may properly look to interpretations of other, similar statutes. Board v. Eurostyle, Inc., 998 S.W.2d 810, 814 (Mo. Ct. App. 1999).

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT